UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY THOMPSON** | : | **DOCKET NO. 19-cv-0252** |
| **REG. # 44671-379** | | **SECTION P** |
| **VERSUS** | : | **JUDGE FOOTE** |
| **ERIC LINK, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint and amendment thereto [docs. 1, 5] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Mark Anthony Thompson, who is proceeding *pro se* and *in forma pauperis* in this matter. It has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Thompson brings this civil rights complaint against various individuals – namely, a Department of Homeland Security investigator, two Assistant United States Attorneys, and a retired United States district judge – involved in his 2015 conviction in this court for attempted production of child pornography and attempt to entice a minor to engage in criminal sexual activity. Doc. 1; *see United States v. Thompson* ("Thompson I"), No. 2:14-cr-0074 (W.D. La. Dec. 4, 2015). As a result of these convictions Thompson was sentenced to concurrent terms of 360 months' imprisonment. *Thompson I*, No. 2:14-cr-0074, at doc. 195. Thompson's conviction and sentence were affirmed on appeal and this court has recommended that his Motion to Vacate filed

under 28 U.S.C. § 2255 be denied in all respects. *See United States v. Thompson* ("Thompson II"), 709 Fed. App'x 758 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 934 (2018); *Thompson I*, No. 2:14-cr-0074, at doc. 263.

Thompson now complains of misconduct by the attorneys, investigator, and judge assigned to his case, including unlawful search and seizure, violation of the First Amendment through the government's use of Thompson's statements as evidence at trial, improper remarks and conduct, and suppression of favorable evidence. Docs. 1, 5. Except for the illegal search and First Amendment allegations, these claims were litigated on his appeal and have been raised again in his § 2255 motion. *Thompson II*, 709 Fed. App'x at 761–66; *Thompson I*, No. 2:14-cr-0074, at doc. 263.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Thompson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of any claim that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens Liability*

The Civil Rights Act of 1871 created a broad right of action for damages against state officials for "deprivation of **any** rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (emphasis added); *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). *Bivens* provides an analogous damages remedy for civil rights violations committed by federal actors. However, it has only been recognized by the Supreme Court for Fourth, Fifth, and Eighth Amendment violations. *Abbasi*, 137 S.Ct. at 1854–55. Accordingly, lower courts must exercise caution in determining whether *Bivens* remedies are available in contexts not yet recognized by the Supreme Court. *See Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (remanding case to district court for consideration of whether *Bivens* provided a remedy for plaintiff's free exercise claim).

### C. *Application to the Complaint*

As an initial matter, the court notes that Judge Patricia Minaldi is not a proper party to the suit. Federal Rule of Civil Procedure 17 directs this court to look to state law to determine capacity to sue or be sued. Under Louisiana law, the proper party following demise of the person who would have been the party is the representative appointed in the succession proceeding brought as a result of the death. *See, e.g.*, *State ex rel. Dep't of Transp. & Dev. v. Estate of Davis*, 572 So.2d 39, 42–43 (La. 1990) (citing La. Code Civ. P. art. 734). Judge Minaldi, whom Thompson seeks to sue in her personal capacity, is deceased. Accordingly, any claims against her should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Thompson's claims against her and the remaining defendants are also frivolous for other reasons, however, and so he should not be given leave to cure this deficiency.

All of Thompson's claims implicate the doctrine derived from *Heck v. Humphrey*, 114 S.Ct. 2364. Under *Heck*, a plaintiff may not use a civil suit to challenge the validity of his conviction or sentence, unless he demonstrates that the conviction or sentence has been reversed or invalidated in some way. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Accordingly, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of his conviction." *Id.* at 498 n. 14 (citing *McCann v. Neilson*, 466 F.3d 619, 621 (7th Cir. 2006)). The Fifth Circuit has applied the *Heck* doctrine in a wide range of contexts, including alleged Fourth Amendment violations. *Rodarte v. Beneficial Texas, Inc.*, 2016 WL 1312637, at *19 (W.D. Tex. Apr. 4, 2016) (collecting cases); *see, e.g.*, *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (*Heck* doctrine barred claims of illegal vehicle stop, illegal search and seizure, and illegal arrest which resulted in revocation of plaintiff's probation and parole).

A plaintiff can only lift the *Heck* bar by achieving a "favorable termination of his available . . . opportunities to challenge [his] underlying conviction or sentence." *Muhammad v. Close*, 124 S.Ct. 1303, 1304 (2004). Thompson cannot show any ruling lifting the *Heck* bar in his case and is therefore not entitled to pursue his *Bivens* claims. "A preferred order of dismissal in *Heck* cases decrees, '[Plaintiff's] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'" *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007). Thompson's entire action is frivolous as a result of being *Heck*-barred and must be dismissed with prejudice to Thompson asserting them again unless and until the *Heck* conditions are met.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* bar in this matter has been lifted. This

dismissal should result in a finding of frivolity under 28 U.S.C. § 1915(e)(2)(B) and operate as a strike against the plaintiff's ability to proceed in forma pauperis in future suits.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE