**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MARK ANTHONY THOMPSON** **#44671-379** | **CASE NO. 2:19-CV-00252** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ERIC LINK** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 24] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Eric Link, in response to the civil suit brought by Mark Anthony Thompson under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Thompson opposes the motion. Doc. 26.

### I.
### BACKGROUND

This suit arises from the investigation and prosecution that led to Thompson's conviction in this court for one count of attempted production of child pornography, a violation of 18 U.S.C. § 2251(a), and one count of attempting to entice a minor to engage in criminal sexual activity, a violation of 18 U.S.C. § 2422(b). *United States v. Thompson*, No. 2:14-cr-0074, docs. 26, 161 (W.D. La. Dec. 4, 2015). As explained in a prior ruling, the criminal investigation began when,

> [a]fter discovering a disturbing video on his wife's cell phone, Lloyd D. reported a possible crime to local police. His wife, Rosalie D., was

---
[1] "Under *Bivens*, a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999)).

> interviewed at the police station and her cell phone searched for evidence. After a federal criminal complaint charged Thompson and Rosalie D. with attempted production of child pornography, this Court issued arrest warrants. When Thompson landed at the Houston International Airport after a flight from Singapore, he was met by agents from the Department of Homeland Security ("DHS"). He was escorted to a room in the airport where [Eric] Link, a special agent with Homeland Security Investigations, questioned him about the criminal complaint. During this interview, agents seized two cell phones, a computer, and an external hard drive; they extracted and copied all of the data from these devices. Link testified at Thompson's detention hearing that no child pornography was found on the devices.
>
> Because the agents had neither a warrant nor Thompson's consent to access his data, Thompson filed a motion to suppress any evidence obtained from his devices. Judge Minaldi, to whom the case was assigned, denied the motion.

Doc. 12, pp. 2–3 (internal citations omitted).

Thompson was convicted after a jury trial and then sentenced on December 2, 2015, to two concurrent terms of 360 months' imprisonment. *Thompson*, No. 2:14-cr-0074, at doc. 192. Following an unsuccessful direct appeal and motion to vacate under § 2255, he filed this suit under *Bivens*. He alleges that various government actors committed constitutional violations in their handling of his case, and that he is entitled to damages under *Bivens* as well as declaratory relief. Doc. 1.

Upon initial review Magistrate Judge Kay recommended that all claims be dismissed under the bar set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), which generally bars a petitioner from using a civil rights action to collaterally attack his conviction. United States District Judge Elizabeth E. Foote, who was then the presiding judge for this matter, disagreed that *Heck* barred Thompson's challenge to searches of his electronic devices. Doc. 12. She observed:

> *Heck* bars review of "errors related to prosecutorial or judicial decisions affecting the progress of a trial, but not review of Fourth Amendment violations that are compatible with a valid conviction. Hence, if illegally obtained evidence was not used at trial, was unnecessary to the conviction (i.e., its admission was harmless error), or was admissible under an exception to the exclusionary rule, *Heck* does not bar a civil suit to recover damages for the underlying Fourth Amendment violation.

*Id.* at 6–7. Because the record did not contain enough information to decide whether the airport search was constitutional, whether any evidence obtained was admitted at trial, or whether the evidence was admissible under an exception to the exclusionary rule, Judge Foote determined that the suit should go forward as to the *Bivens* claim against Agent Link. *Id.* at 12–14.

Link now moves to dismiss this claim, asserting that (1) Thompson fails to allege a compensable injury under *Heck*; (2) a *Bivens* remedy should not be inferred for Thompson's Fourth Amendment claim; (3) if a remedy is inferred, he is entitled to qualified immunity; (4) the claim is time-barred; and (5) Thompson is estopped from arguing that the search was unconstitutional. Doc. 24. Thompson opposes the motion.

## II.
### LAW & APPLICATION

#### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008)

(unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Monetary Relief

Link first moves for dismissal on the basis that Thompson cannot allege any damages outside of his conviction and sentence. As the Court noted in *Heck*, a search-related claim must show compensable injury "which . . . does *not* encompass the 'injury' of being convicted and imprisoned (unless his conviction has been overturned)." 512 U.S. at 487 n. 7.

Thompson alleges that the evidence Agent Link collected was retained and disseminated to other United States or foreign agencies. Doc. 1, p. 17; doc. 17. He also states that he is seeking recovery for "humiliation, mental suffering, embarrassment, exposure to a life threatening environment and ongoing injuries" resulting from Link's

conduct. Doc. 1, p. 17. He does not allege how any information retained from his hard drive has been put to improper use, and so he has not raised his right to relief above a speculative level. His injury allegations are otherwise entwined with his arrest and conviction, meaning that they are barred under *Heck*. Accordingly, Thompson fails to state a claim on which relief can be granted with respect to his *Bivens* claim against Link. The court need not consider the other grounds for dismissal of his claims for monetary relief.

### 2. *Equitable relief*

In addition to his request for monetary damages, Thompson asks for "[declaratory] relief ordering that [A]gent Link return the data seized from his electronics and information regarding disclosure to other agencies." Doc. 1, p. 25. Though the individual agent would not be the proper respondent, a plaintiff may establish standing to bring such a claim based on an unconstitutional search and threat of future use or dissemination of this information. *See, e.g.*, *Anibowei v. Sessions*, 2017 WL 9802735, at *2–*5 (N.D. Tex. Dec. 15, 2017); *Janfeshan v. U.S. Customs and Border Protection*, 2017 WL 3972461, at *5–*6 (E.D.N.Y. Aug. 21, 2017). As Link points out, however, Judge Minaldi held that the search of Thompson's devices was constitutional and Thompson did not appeal that ruling. *See United States v. Thompson*, 53 F.Supp.3d 919 (W.D. La. 2014) (ruling on motion to suppress).

Thompson now argues that Judge Minaldi's ruling was in error, because she categorized the search of his electronic devices as a "routine computer search[] at the border." 53 F.Supp.3d at 923. As Judge Foote observed, the record suggests that the search might have been more forensic in nature, which invokes the heightened standard applied

by the Supreme Court under *Riley v. California*, 573 U.S. 373 (2014). The application of *Riley* to searches of electronic devices performed at the border is the subject of live debate, though "no circuit court, before or after *Riley*, has required more than reasonable suspicion for a border search of cell phones or electronically-stored data." *United States v. Wanjiku*, 919 F.3d 472, 485 (7th Cir. 2019) (collecting cases); *see also United States v. Molina-Isidoro*, 884 F.3d 287, 291–92 (5th Cir. 2018) (declining to impose a heightened requirement on border searches of electronic devices under *Riley*).

Link contends that Thompson is collaterally estopped from challenging the constitutionality of the search. The doctrine of collateral estoppel prevents the re-litigation of an issue where (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the action. *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013). The court may also consider "whether there are any special circumstances that make it unfair to apply the doctrine." As Link notes, courts have frequently applied the doctrine of collateral estoppel to bar plaintiffs from bringing civil rights suits to relitigate constitutional questions decided in their criminal proceedings.[2]

Thompson relied on *Riley*, which had been decided the previous month, in his original motion to suppress. *See Thompson*, No. 2:14-cr-0074, at doc. 77, att. 2. He did not

---

[2] *See Allen v. McCurry*, 449 U.S. 90, 95 (1980) (barring plaintiff from bringing § 1983 claim based on Fourth Amendment violation after motion to suppress was denied in state court); *Carlton v. Pytell*, 986 F.2d 1421 (6th Cir. 1993) (same); *see also United States v. Martin*, 169 F.Supp.2d 558, 562 (E.D. La. 2001) ("If this were a civil case, principles of issue preclusion or collateral estoppel would undoubtedly preclude [defendant who brought a motion to suppress based on the same grounds he had unsuccessfully asserted as a codefendant in a related case] from relitigating the validity of the T-III surveillance.")

appeal Judge Minaldi's denial, in which she determined that no Fourth Amendment violation had occurred. The denial of the motion to suppress is thus a final judgment. *See United States v. Paulin Sanchez-Rocha*, 84 F.3d 432 (5th Cir. 1996). Thompson was represented by retained counsel in his trial and appointed counsel in his appeal. Though he now argues that these attorneys did not consult him determining what to appeal, he fails to make any showing of ineffective assistance or any attempt to inject this issue that was ignored by his attorney. To the extent he actually has any concerns about the use of his data outside of the conviction and sentence, which he may not collaterally attack under *Heck*, he has waived his constitutional challenge.

Even if the doctrine of collateral estoppel did not apply, however, Thompson could not make the threshold showing that Link lacked a "reasonable suspicion" for the search of his devices. "Reasonable suspicion" entails only "some minimal level of objective justification," consisting of "more than the inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *United States v. Smith*, 273 F.3d 629, 633–34 (5th Cir. 2001) (internal quotations omitted). Reasonable suspicion is determined based on the totality of the circumstances confronting the officer. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736–37 (5th Cir. 2000).

The airport search took place on March 20, 2014, incident to Thompson's arrest on a criminal complaint filed two days earlier for attempted production of child pornography. *See Thompson*, No. 2:14-cr-0074, at doc. 1. As described above, the complaint arose from a video of a minor victim found on the cell phone of Thompson's girlfriend, Rosalie D., who was also the victim's mother and had already been interviewed by law enforcement.

These factors are enough to support a reasonable suspicion that the electronic devices Thompson carried might contain evidence of such a crime. *See United States v. Ramirez*, 2019 WL 3502913 (W.D. Tex. Aug. 1, 2019) (reasonable suspicion justified border search of defendant's cell phone, where Treasury Enforcement Communication System generated an alert that he was "linked to the purchase of child pornography"). Accordingly, Thompson shows no right to equitable relief and his claim must be denied.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be granted and Thompson's remaining claims will be dismissed with prejudice.

**THUS DONE** in Chambers on this 27th day of November, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**